# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GULF ELECTROQUIP, LTD., | § | |
|    *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0339 |
| | § | |
| LAFARGE NORTH AMERICA, INC., | § | |
|    *Defendant.* | § | |

# ORDER

This breach of contract case is before the court on plaintiff Gulf Electroquip, Ltd's (Gulf's) motion to compel answers to interrogatories and production of documents (Dkt. 13).[1]  Gulf complains that defendant Lafarge North America, Inc. (Lefarge) has answered only 3 of 8 interrogatories and has not produced any documents.

*__Interrogatories__*– Federal Rule of Civil Procedure 33(a) provides that, absent leave of court or written stipulation, interrogatories are not to exceed 25 in number, "including all discrete subparts."[2]  This is the second occasion in recent months that

---

[1]  The district court has referred this motion to his Magistrate Judge for determination.

[2]  Local Rule 33.1 largely mirrors the federal rule, although it omits the modifier "discrete." S.D. TEX. LOC. R. 33.1 ("No more than twenty-five interrogatories (counting sub-parts) may be served without leave of court."). Whether intentional or not, this difference in phrasing cannot be construed to impose a greater restriction on interrogatories than Rule 33(a), because local rules cannot alter the federal discovery rules in this respect. *See* FED. R. CIV. P. 26(b)(2) advisory committee notes to 2000 Amendment, at ¶ 29-30; *St.Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003).

the court has been faced with the issue of when to count sub-parts of interrogatories as separate interrogatories for purposes of the 25 interrogatory limit. *See Dimitrijevic v. TV&C GP Holding, Inc.*, Civil Action H-04-3457, slip op., Memorandum and Order (August 24, 2005). As the court noted in *Dimitrijevic*, counting to 25 is not always easy, and the courts have not been very successful in devising a uniform approach to the problem. *See id.* at 2-4.

The Federal Rules of Civil Procedure do not define "discrete subparts." *See Krawczyk v. City of Dallas*, No. Civ. 3:03-CV-0584D, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004). The Advisory Committee briefly addressed the issue in the notes accompanying the text of Rule 33(a):

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

FED. R. CIV. P. 33(a) advisory committee notes to 1993 Amendment.

The advisory committee provides little guidance in this case, where the interrogatories do not ask about "communications of a particular type." In *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 686 (D. Nev. 1997), the court held that subparts are to be counted as discrete subparts unless they are "logically or

2

factually subsumed within and necessarily related to the primary question." A recent district court decision added a helpful gloss: "If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within [it].'" *Krawczyk*, 2004 WL 614842, at *2. This "full and complete answer" standard is consistent with the standard used by the federal rules to measure the sufficiency of interrogatory answers. *See* FED. R. CIV. P. 33(b) ("Each interrogatory shall be answered separately and fully . . ..") and 37(a)(3) ("[A]n evasive or incomplete disclosure, answer, or response shall be treated as a failure to disclose, answer, or respond."). This standard makes sense because if a full and complete answer to the primary question would necessarily encompass the specific information sought by the subpart, there is no reason to count the subpart separately. The subpart merely gives notice or explanation of the type of information that a full and complete answer should contain in order to comply with Rule 37(a)(3). On the other hand, if the subpart seeks information beyond the scope of the primary question, there is nothing unfair about counting it separately.

This standard allows for the development of rules that can be applied to certain "typical" types of interrogatories. As noted above, when an interrogatory asks a party to describe or identify a particular communication, the answer should include the

time, place, persons present, and content of the communication, and subparts requesting such information are not counted as separate interrogatories. Similarly, when an interrogatory seeks the identity of a witness, subparts seeking name, address, telephone number, and job title would not be discrete. On the other hand, a subpart requesting documents supporting the primary answer is discrete. Moreover, when an interrogatory contains implicit subparts imbedded within one main question, such as when an interrogatory asks for the factual basis for each of several positions a party has taken in a case, the interrogatory contains discrete subparts as to each position. *See Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (interrogatory asking for factual basis for denial of any of 50 requests for admission treated as discrete subparts).

Applying these standards to the eight numbered interrogatories propounded by plaintiff,[3] the court concludes that plaintiff has actually propounded 43 interrogatories. For example, interrogatory 1 asks for the factual basis for each of 6 affirmative defenses pleaded by defendant. It further asks for all documents supporting each of the affirmative defenses, and the identity of witnesses with knowledge. By the court's calculation, interrogatory 1 contains 18 discrete subparts. Interrogatory 2 contains 3 discrete subparts, and interrogatory 3 contains 11 discrete

---

[3]  *See* Exhibit 1 to plaintiff's motion.

subparts.[4] Thus, by answering in full interrogatories 1-3, defendant actually has responded to the majority of the interrogatories, 32.

"Since service of more than 25 interrogatories is not permitted, the entire set of interrogatories is impermissible. Respondent can either object to the set as a whole or object to the excess." THE HON. DAVID HITTNER, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:1695 (5th Cir. 2005); *see also Traina v. Blanchard*, No. Civ. A. 97-0348, 1998 WL 483485, *4 (E.D. La. April 15, 1998) (entire set objectionable). Here, defendant objected to the excess. Defendant need not answer interrogatories no. 4-8.[5]

***Production of Documents*** – Defendant did not respond in any way to plaintiff's motion to compel documents. In its response to the document requests, Defendant responded to most of the requests by saying that documents would be

---

[4] In short, interrogatory 2 asks defendant to identify each statement in a certain e-mail with which it disagrees, to identify persons with knowledge of the reasons for the disagreement, and to identify documents that support the response. Interrogatory 3 asks for the date of the decision to upgrade the ID fan system, the date the budget was approved, and the reasons for decision. Interrogatory 3 further seeks the identity of persons with knowledge, the identity of each motor and other components purchased as part of the upgrade, the identity of each consultant hired for the upgrade, the date any new motor was purchased and when it arrived, when it was installed, the identity of persons present at the installation, and the location of the old motors.

[5] In an August 3, 2005 response to a July 27, 2005 letter from plaintiff's counsel, defendant's counsel offered to resolve the matter by responding to interrogatories 4-5 and then answering interrogatories 6-8, which are contention interrogatories, after completion of depositions. Exhibit 3 to plaintiff's motion, at 3. Plaintiff rejected this offer, opting instead to file a motion to compel immediate answers to all of the interrogatories.

produced, but it had not done so as of the date of the motion. In an August 3, 2005 letter to plaintiff's counsel, defense counsel stated that "in regard to the Requests for Production to which we responded 'the document will be produced,' we are working closely with our client in obtaining any responsive documents to this request, and will make these available to you as soon as possible."[6] Defendant must produce all such documents within 10 business days of the date of this Order.

Defendant objected to producing any documents in response to requests for production 25, 26, 27, 30, 31, and 35. Requests 26-27 seek documents evidencing the reasons defendant has not paid plaintiff; requests 30-31 seek documents concerning the capital budget for defendant's system upgrade; and request 35 seeks documents that support defendant's affirmative defenses.

Defendant objects that the requests seeking documents that support its positions are overly broad and vague. In this case, where the dispute is over payment of three specific invoices, the requests do not strike the court as overly broad, vague or burdensome. To the extent defendant's objection is that these are a type of "contention" document request and that defendant should not have to lock itself into a specific theory or strategy at this point in the case, there is no prejudice in requiring defendant to produce documents that it support its position to date. Defendant can

---

[6] Exhibit 3 to plaintiff's motion, at 1.

supplement its production if its arguments or defenses evolve, and it is not obligated to rely on any document it produces. Defendant must produce non-privileged documents responsive to requests 25-27, and 35 that are in its possession, custody, or control within 10 business days of the date of this Order.

Defendant objected to Requests 30 and 31 regarding the capital budget for its upgrade of its fan ID system from a DC system to an AC system as irrelevant. Plaintiff counters that it intends to argue that defendant has refused to pay for the motor plaintiff provided not because it was defective, but because it was not compatible with the upgraded system. Defendant has not countered this relevancy argument, and has not asserted any other objection to the requests. Thus, defendant must produce all non-privileged documents responsive to requests 30 and 31 that are in its possession, custody, or control within 10 days of the date of this Order.

For the reasons discussed above, it is ORDERED that plaintiff's motion to compel (Dkt. 13) is granted in part and denied in part in accordance with this Order.

Signed at Houston, Texas, on September 28, 2005.

Stephen Wm Smith
United States Magistrate Judge