UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULF ELECTROQUIP, LTD., | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-0339 |
| | § | |
| LAFARGE NORTH AMERICA, INC., | § | |
| *Defendant.* | § | |

# ORDER

Defendant Lafarge North America, Inc. has filed a motion to deem certain requests for admissions admitted (Dkt. 22). Lafarge complains that plaintiff Gulf Electroquip, Ltd. responded to its requests with both an objection and an answer and avoided providing complete responses by quibbling over the meaning of terms.

Federal Rule of Civil Procedure 36 provides a matter is admitted unless the responding party timely serves a written answer or objection addressed to the matter.

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true, and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

FED. R. CIV. PRO. 36(a). Rule 36 further provides that if the court determines that an objection is unfounded, it shall order that an answer be served; if the court determines that an answer does not comply with this Rule, the court may order the matter admitted or order an amendment. When the responding party finds a request "ambiguous," the party should not simply object unless the request it too ambiguous to allow the party to frame an intelligible response. Otherwise, the party should admit the request to the fullest extent possible and explain in detail why other portions could not be admitted. THE HON. DAVID HITTNER, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 11:2059 (5th Cir. 2005) (citing *Marchand v. Mercy Med. Ct.*, 22 F.3d 933, 938 (9th Cir. 1994)).

Lafarge makes much of the connector "or" in Rule 36, arguing that a responding party may serve an answer or an objection, but not both. *See Poole v. Textron, Inc.*, 192 F.R.D. 494, 499 (D. Md. 2000). Because Gulf provided both, Lafarge urges the objections be overruled and the requests deemed admitted.

The English word "or" has long been understood to contain a patent ambiguity; it may be interpreted as either an inclusive or exclusive disjunction. *See* Maurice Kirk, *Legal Drafting: The Ambiguity of "And" and "Or"*, 2 Tex. Tech L. Rev. 235 (1971). An inclusive disjunction declares that **one or both** of the disjuncts are true or satisfy the relevant predicate, *e.g.*, "Sugar or cream in your tea?" An exclusive

disjunction declares that **one but not both** of the disjuncts is true or satisfies the relevant predicate, *e.g.*, "Trick or treat?" The correct interpretation is usually determined by context. *See* Gregory Silverman, *Imperatives, Normativity and the Law*, 31 Conn. L. Rev. 601, 647 (Winter 1999); *see also Demko v. United States*, 44 Fed. Cl. 83, 89 (Fed. Cl. 1999). The context here favors the inclusive disjunction. The express language of Rule 36 provides for several possible responses to a request for admission, including objecting in part and answering in part, and giving a qualified answer. At least one commentator has expressly noted that a response to a request for admission may consist of any one of several possible responses, including an objection, a denial, and an admission, asserted alone or **in combination**. 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 36.11[4] (3d ed. 2005) ("The response may consist of any of the following or a combination of any of the following . . ..").

The court is not aware of any case in this circuit that has adopted *Poole's* reading of "or" in Rule 36 as precluding assertion of both an objection and an answer. A rule that would deem requests admitted in all cases where both an objection and an answer is provided strikes this court as a hypertechnical and impractical construction of Rule 36 leading to highly undesirable consequences. In any event, *Poole* addressed a situation where the answers provided "undermine[d] the efficacy of the

rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is to unfairly burden an opposing party." That is not the situation here.

Request for Admission No. 1 provides an illustrative example for analyzing the sufficiency of Gulf's responses and is set forth below in its entirety.

### **REQUEST FOR ADMISSION NO. 1:**

Admit or deny that Plaintiff Gulf Electroquip, Ltd. installed the DC motor system at Defendant Lafarge North America, Inc.'s Harleyville, South Carolina plant.

### **RESPONSE:**

Plaintiff objects because the discovery request is not relevant to any claim or defense of any party. Fed. R. Civ. P. 26(b)(1).

The discovery request is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive, such as, the Defendant's own records. Fed. R. Civ. P. 26(b)(2)(i); *In re Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992).

Plaintiff objects because the discovery request places an undue burden or expense on Plaintiff that outweighs its likely benefit. Fed. R. Civ. P. (26)(b)(2)(iii). The court weighing the burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the case. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-439 (9th Cir. 1992).

Plaintiff objects because the request is overly broad – it inquires into matters that go beyond what is relevant to the parties' claims or defenses. *See Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989).

4

Plaintiff objects to this discovery request because "installed the DC motor system" is not defined and the meaning of the term is vague, unclear and ambiguous. It is unclear whether or not Defendant is referring to a specific motor that was installed or a system into which a motor was installed.

Plaintiff objects because "installed" is not defined and has multiple meanings and therefore the request is vague and ambiguous.

Subject to the foregoing objections, Plaintiff admits that after the sale was review [sic] and approved by Defendant's representatives, Karl Middour and Bob Gardner, Plaintiff sold Defendant's predecessor, Blue Circle Cement ("BCC"), a DC motor, a Transformer, and an SCR Drive and related equipment for BCC's ID Fan Drive System located in Harleyville, South Carolina. At BCC's request, Plaintiff provided start up assistance for the equipment. Plaintiff denies that it installed the equipment. Except as otherwise expressly admitted, the request for admission is denied, in its entirety.

Gulf does make some apparently boilerplate objections. Nonetheless, Rule 36 does not provide that if objections are determined to be unjustified, the matter should be deemed admitted. The proper remedy is to order an answer. Gulf has already provided an answer despite its objections. The question then is whether the answer provided is sufficient.

The answer Gulf provided fairly addresses the subject of the request, what Gulf did in respect to selling a DC motor for use in Harleyville, South Carolina. Gulf does not seek to undermine the purpose of Rule 36, but qualifies its answer by explaining that it does not accept Lafarge's unilateral and unstated definition of "install." This

is sufficient under the federal rules. The court reaches the same conclusion as to each of the disputed responses.[1]

In sum, despite its objections, the answers Gulf provided are not evasive and fairly inform Lafarge of Gulf's position on the matters addressed. Several of the requests for admission were followed by interrogatories asking Gulf to further explain the reasons for its responses. Gulf answered the interrogatories, providing more details about its positions on what happened with the equipment at issue. When the discovery responses are reviewed in their entirety it does not appear that Gulf has tried to obfuscate the facts or avoid its discovery obligations. Matters denied by Gulf, as well the meaning of ambiguous, undefined terms, simply will have to be resolved at trial.[2]

It is therefore

ORDERED that Lafarge's motion (Dkt. 22) is denied.

Signed at Houston, Texas, on February 8, 2006.

Stephen Wm Smith
United States Magistrate Judge

---

[1] The requests are misnumbered in that there are two requests number 21. Lafarge's motion addresses requests 1-12 and the second number 21-30. A complete copy of the requests and responses is Exhibit A to Lafarge's motion.

[2] In its response, Gulf asks for entry of a protective order on the objections filed in response to Lafarge's requests. This request is denied as moot.